BIBBER–WHITE CO. v. WHITE RIVER VALLEY ELECTRIC R. CO.

(Circuit Court, D. Vermont.    August 19, 1904.)

1. EMINENT DOMAIN—TAKING OF LAND WITHOUT PAYMENT—ACQUIESCENCE OF OWNER.

Where a landowner expressly consents or clearly acquiesces in the taking of right of way over his land for a railroad without payment, his right to hold the land is gone and he has only a personal claim against the company for the debt.

2. SAME.

The absence of any agreement between a landowner and a railroad company as to the price to be paid for right of way, or the manner of determining the same, negatives a claim that the company was to be given credit, and the owner's right to the land can only be extinguished by appraisal and payment.

In Equity.

John J. Wilson, for claimants.

Eleazer L. Waterman, for purchasers.

WHEELER, District Judge. This cause has been heard upon a report of commissioners agreed upon by the parties pursuant to a bond given by the purchasers of the railroad at the receiver's sale to secure the payment of land damages adjudged to be preferred above unsecured debts in a proceeding in which all might join. It is objected that the proceeding is irregular, and it would be so but for the provisions of the bond that cover the subject, which would be within the jurisdiction of the court in the cause upon motion at the foot of the decree, for which this proceeding appears to be substituted by stipulation of the parties, as shown by the bond and the

agreement upon commissioners. In this view the rights of the several claimants to have their claims passed upon appear. Their rights to preference depend upon their claims upon the property itself to secure payment. They each had a right to insist upon payment or tender of the damages before letting the land go for the road. If they did not insist, but let the land go, and trusted the company for the pay, the land would be gone, and they would have the debt of the company for it. McAuley v. Western Vt. R. R. Co., 33 Vt. 311, 78 Am. Dec. 627; Troy & Boston R. R. Co. v. Potter, 42 Vt. 265, 1 Am. Rep. 325; Kittell v. Missisquoi R. R. Co., 56 Vt. 96. In each case the question is whether the landowner trusted the railroad company for the land by acquiescence in the taking of it for the road without payment, or the company was a trespasser upon the rights of the landowner as they existed or should accrue. Where the landowners trusted the railroad company for the land damages, the claim, however ascertained in amount, became a common debt. As to all the claims except those particularly mentioned the findings of the commissioners show such express consent or clear acquiescence as to leave nothing preferred, but only a mere common liability.

In No. 1—the case of the Burrells—the title of one of three tenants in common appears to have been in a trustee, who said he could not concede anything, but did not object when the work went on without deposit of amount of damages agreed upon in bank, as had been talked. It does not appear that by the talk the deposit was to be made before entry, and the whole appears to show acquiescence by the trustee, and trusting for payment.

In No. 2—the case of the Morses and Harding—an express consent to immediate entry without payment or ascertainment, which was to be by submission and award, is found. This consent appears to be a full waiver and acquiescence, notwithstanding a provision in the submission for a deed upon payment. The land was let go without payment.

In No. 3, Mannix was a second mortgagee, and the first mortgagee objected. The rights of the second mortgagee were not provided for by the company, nor waived by him. He has had to pay off the first mortgage to save his own, which still remains. He appears to have a right to have his damages paid or to assert his title. The road can be relieved by payment of his damages, found to be $25. Austin v. Rutland R. R. Co., 45 Vt. 215.

In No. 4—Morses—there appears to have been an agreement of sale of other lands and the right of way for $600, to be paid before entry. That entry was made without payment, and objected to on that account, and desisted from because of the objection, and begun again without further consent, or payment or ascertainment or assessment of damages, or objection. The failure to take and pay for the lands was the fault of the railroad company, and the entry against objection was a trespass upon the landowners' rights. They did not need to make continual objection to preserve their rights, but the railroad company could extinguish the right by appraisal and payment of the damages under the statute. When the railroad company failed to so proceed, they could assert their rights to the land.

In No. 5—Leavetts—consent seems to be included in the general finding, notwithstanding an award.

In No. 7—Taggarts—the railroad appears to be upon their land with no facts as to ascertainment of damages, consent, or waiver found. The general findings refer only to cases where there were awards or verbal agreements. So the case is left to stand upon the mere appraisal of the commissioners, which would be necessary, with payment, to extinguish the rights of these landowners. Austin v. Rutland R. R. Co., 45 Vt. 215. The want of any price or agreement or consent negatives any trusting of the railroad company for the land. The damages to the cemetery are, upon any facts found, too remote to be included. The expenditure about it is not found to have been necessary. This appraisal must, under these circumstances, be paid, in order to relieve the road.

No. 10—Steele—is somewhat like No. 4—Morses. There was an agreement of purchase of the place, the land not to be disturbed until the damages were paid. The work, begun without payment, was a trespass, and was forbidden. The railroad company thereby acquired no rights but to proceed by appraisal and payment. The title changed before appraisal, which, however, is of damages to the owner at that time.

In No. 12—Gays—the facts are similar to those in No. 4 and No. 10. The appraisal and payment are necessary to extinguish the rights of the owners.

In No. 17—Conner—there was no objection to the entry. There was an award, and an agreement that it should be paid before work. It was not so paid, but the work proceeded, according to the general finding, without objection. This seems to be letting the land go without payment, on credit.

In No. 23, Grant let his land go on the agreement of the railroad company to buy other lands for him of Baker. His claim, therefore, appears to be for damages for nonfulfillment of that agreement, and not for his land. There was no trespass upon his rights.

Upon these views the damages in No. 3, Mannix, $25; No. 4, Morses, $600; No. 7, Taggarts, $150; No. 10, Steele, $100; No. 12, Gays, $100—appear and are adjudged to be due as preferred claims above unsecured debts of the railroad company.

Report accepted, and decree for claimants Mannix for $25, Morses for $600, Taggarts for $150, Steele for $100, and Gays for $100, respectively, as preferred claims.